# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 13, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | * | Unpublished |
| DONNA WORCESTER, | * | |
| | * | No. 16-1641V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' Fees and Costs. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

*Randy M. Hitchcock*, Whitfield Sharp & Hitchcock, LLC., Marblehead, MA, for petitioner.
*Lara A. Englund*, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 4, 2022, Donna Worcester ("petitioner") filed a motion for attorneys' fees and costs. Motion for Attorneys' Fees and Costs ("Fees App.") (ECF No. 101). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$52,619.09 in attorneys' fees and costs and $11,500.00 to petitioner for costs incurred.**

### I.    Procedural History

On December 13, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Program.[2] Petition at Preamble. (ECF No. 1). Petitioner received an influenza ("flu") vaccine on October 22, 2014. *Id.* Petitioner alleges that as a result of receiving the flu vaccine, she suffered Guillain Barre syndrome ("GBS"). Petition at ¶ 4.

On September 7, 2021, the parties filed a stipulation recommending that compensation be

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

awarded to the petitioner, which I approved the same day. Stipulation Decision (ECF No. 96). On February 4, 2021, petitioner filed a motion for final attorneys' fees and costs. Fees App. (ECF No. 101). Petitioner requests $55,617.20 in attorneys' fees and $14,296.58 in costs, coming to a total of $69,913.78. *Id*. at 1. Of the $14,296.58 in costs, $2,796.58 represent out of pocket expenses incurred by petitioner's counsel, and the remaining $11,500.00 is for out of pocket expenses incurred by petitioner herself. *Id*. Pursuant to General Order #9, petitioner submitted her signed statement delineating which costs she personally incurred. Pet. Ex. 50.

Respondent filed her response on February 10, 2022, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 103). Respondent respectfully recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs. *Id*. at 3.

The matter is now ripe for adjudication.

**II.     Applicable Legal Standards**

The Vaccine Act provides that the special master shall award "reasonable" attorneys' fees and costs for any petition that results in an award of compensation. § 300aa–15(e)(1). In this case, petitioner was awarded compensation pursuant to a joint stipulation. Therefore, she is entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs*., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under the lodestar approach, a court determines the number of hours reasonably expended in the case and reasonable hourly rates for the attorney(s) involved. *Id*. at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The court multiplies those numbers and may adjust the sum upwards or downwards based on other specific findings.

Under the Vaccine Act, an attorney's "reasonable" hourly rate is the "prevailing market rate, defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Avera*, 515 F.3d at 1347-48 (internal quotations omitted). In determining attorneys' fees, a court should generally use the forum rate, i.e., the rate applicable to the forum in which the court sits – in this instance, the District of Columbia – unless the attorney performed the bulk of his or her work outside the forum and there is a "very significant" difference in compensation rates between the place where the work was performed and the forum. *Id*. at 1348-49 (citing *Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). The Federal Circuit has determined that the forum rate is effectively a ceiling. *Rodriguez v. Sec'y of Health & Human Servs*., 632 F.3d 1381, 1385-86 (Fed. Cir. 2011).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). A request for attorneys' fees should be supported by contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests

2

hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgement, [is] reasonable for the work done." *Id*. at 1552. The special master may reduce a request *sua sponte*, apart from objections raised by respondent and without providing petitioner notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

The "reasonableness" requirement also applies to costs. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). A request for costs incurred by either counsel or the petitioner herself should include supporting documentation, such as invoices from experts and itemized receipts. Like a request for attorneys' fees, a request for costs may be reduced *sua sponte* and based on the special master's experience and discretion.

### III. Reasonable Attorneys' Fees

#### A. Hourly Rates

Petitioner requests a total of $55,617.20 in attorney's fees in various rates of compensation for the attorneys who worked on the case, predominantly Mr. Randy M. Hitchcock and Ms. Elaine Whitfield Sharp. Fees App. at 1. The attorneys have requested reimbursement for their services from 2016 to 2021, the requested rates are below:

| Rates Requested | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 |
|---|---|---|---|---|---|---|
| Mr. Hitchcock | $340 | $380 | $400 | $415 | $443 | $509 |
| Ms. Sharp | $390 | $400 | $428 | $484 | $443 | $509 |
| Paralegal | $140 | n/a | n/a | n/a | n/a | $172 |

I have addressed awarding attorneys' fees and costs to Mr. Hitchcock and Ms. Sharp in previous decisions. *Monge-Landry v. Sec'y of Health & Human Servs.*, No.14-853v, 2019 WL 1771988 (Fed. Cl. Spec. Mstr. March 26, 2019); *Monge-Landry v. Sec'y of Health & Human Servs.*, No. 14-853v, 2020 WL 4219821 (Fed. Cl. Spec. Mstr. June 30, 2020). I noted that other special masters have had the occasion to review Mr. Hitchcock's and Ms. Sharp's attorneys' fees. *Monge-Landry v. Sec'y of Health & Human Servs.*, No.14-853v, 2019 WL 1771988 (Fed. Cl. Spec. Mstr. March 26, 2019).  Mr. Hitchcock and Ms. Sharp have been found entitled to forum rates, since they practice in the Boston, Massachusetts metropolitan area (like the attorney at issue in *McCulloch*).  However, Mr. Hitchcock's and Ms. Sharp's requested rates have been repeatedly reduced because they request rates which are higher than the rates they have previously been awarded. *See, e.g.*, *Monge-Landry v. Sec'y of Health & Human Servs.*, No.14-853v, 2019 WL 1771988 (Fed. Cl. Spec. Mstr. March 26, 2019) (awarding Mr. Hitchcock the hourly rate of $415 for 2019 and awarding Ms. Sharp the hourly rates of $390 for 2016, $400 for 2017, $423 for 2018, and $456 for 2019); *Keenan v. Sec'y of Health & Human Servs.*, No. 17-189v, 2018 WL 2772307 (Fed. Cl. Spec. Mstr. May 2, 2018) (awarding Mr. Hitchcock hourly rates of $366 for 2016, $375 for 2017, and $385 for 2018); *Sclafani v. Sec'y of Health & Human*

*Servs.*, No. 16-737V, 2017 U.S. Claims LEXIS 2259, 2017 WL 5381271 (Fed. Cl. Spec. Mstr. Oct. 11, 2017).

I do not see reason to diverge from these past decisions. Accordingly, Mr. Hitchcock is awarded $366 per hour for 2016, with increases to $375 for 2017, $385 for 2018, $415 for 2019, $426 for 2020[3], and $444 for 2021.[4] Ms. Sharp is awarded $390 per hour for 2016, with increases to $400 for 2017, $423 for 2018, $456 for 2019, $468 for 2020,[5] and $488 for 2021.[6] The amounts calculated based on the PPI-OL for 2020 and 2021 are reasonable and consistent with the hourly rate chart set forth by the Office of Special Masters. The hourly paralegal rate for 2016 of $140 is within range provided in the hourly rate fee schedule and will be awarded. The hourly paralegal rate for 2021 of $172 is the maximum rate allowed per the hourly rate fee schedule. However, I have previously awarded this rate to other paralegals and there is no reason to distinguish the work of the paralegals at issue. *See Hodkinson v. Sec'y of Health & Human Servs.*, No. 14-660v, 2021 WL 5711949, at *9 (Fed. Cl. Spec. Mstr. November 2, 2021). Therefore, the paralegal hourly rate for 2021 of $172 shall be awarded.

The undersigned adjusted the calculation of total attorneys' fees using the correct hourly rates. The total is $52,459.9, which is a reduction of **$3,157.30** from the amount requested.

### B. Hours Expended

A line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my own experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

In this case, petitioner has provided one chronological list of the entries from Mr. Hitchcock and Ms. Sharp, which is helpful when evaluating whether the total hours expended are reasonable. Pet. Ex. 48. The billing record provides the date, detailed description(s) of the task(s) performed, the requested rate, and time expended. Most tasks are described in sufficient detail to be reviewed and appear reasonable. However, there are several issues that merit a reduction

---

[3] The special masters have found the PPI-OL to be a persuasive as a measure of inflation. See OSM Attorneys' Forum Hourly Rate Fee Schedules 2020, United States Court of Federal Claims, http://www.uscfc.uscourts.gov/node/2914 (last accessed June 14, 2022). Mr. Hitchcock's PPI-OL-inflated rate for 2020 was derived by multiplying Mr. Hitchcock's 2019 hourly rate ($415) by the PPI-OL index for January 2019 (220.4) and then divided by the PPI-OL index for January 2018 (214.6), after rounding to the nearest dollar, the hourly rate for 2020 came to $426.

[4] Mr. Hitchcock's PPI-OL-inflated rate for 2021 was derived by multiplying Mr. Hitchcock's 2020 hourly rate ($426) by the PPI-OL index for January 2020 (229.8) and then divided by the PPI-OL index for January 2019 (220.4), after rounding to the nearest dollar, the hourly rate for 2021 came to $444.

[5] Ms. Sharp's PPI-OL-inflated rate for 2020 was derived by multiplying Ms. Sharp's 2019 hourly rate ($456) by the PPI-OL index for January 2019 (220.4) and then divided by the PPI-OL index for January 2018 (214.6), after rounding to the nearest dollar, the hourly rate for 2020 came to $468.

[6] Ms. Sharp's PPI-OL-inflated rate for 2021 was derived by multiplying Ms. Sharp's 2020 hourly rate ($468) by the PPI-OL index for January 2020 (229.8) and then divided by the PPI-OL index for January 2019 (220.4), after rounding to the nearest dollar, the hourly rate for 2021 came to $488.

from the fee request.

An attorney may be compensated for paralegal-type work but only at a paralegal rate. *See, e.g.*, *Mostovoy v. Sec'y of Health & Human Servs.*, No.02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb.4, 2016); *Riggins v. Sec'y of Health & Human Servs.*, No.99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535v, 20008 WL 747914, at *5-7 (Dec. 23, 2008). Here, on June 20, 2016, Ms. Sharp billed .3 hours for "receiv[ing] and review[ing] additional e-mail from Medical Records Express. Resolv[ing] issue with medical record request to Main Street Family Practice." She recorded that this task should be billed at a paralegal rate, but then she billed her regular attorney rate of $390 per hour, for a total of $117.00. Pet. Ex. 48 at 3. I agree that receiving and reviewing emails and resolving an issue with a medical record request should be billed at a paralegal rate. *See Monge-Landry v. Sec'y of Health & Human Servs.*, No.14-853v, 2019 WL 1771988 (Fed. Cl. Spec. Mstr. March 26, 2019).

The same issue presented itself with other billing entries. On June 23, 2016, Ms. Sharp billed .2 hours and noted that this should be billed at a paralegal rate, yet she continued to bill her regular attorney rate of $390. Pet. Ex. 48 at 4. On June 27, 2016, Ms. Sharp billed .2 hours and noted that this should be billed at a paralegal rate, yet she continued to bill her regular attorney rate of $390. On December 9, 2016, Ms. Sharp billed .3 hours and noted that this should be billed at a paralegal rate, yet she continued to bill her regular attorney rate of $390. On December 29, 2016, Mr. Hitchcock billed 2.8 hours for "redaction of Spaulding medical records" and noted that this should be billed at a paralegal rate, yet he still billed his regular attorney rate of $340. Similarly, on January 3, 2017, Mr. Hitchcock billed 2.2 hours for "redaction of medical records," yet he noted he was charging his attorney rate of $380 and continued to do so. In light of the December 29, 2016, redaction, the January 3, 2017, redaction should be charged at the paralegal rate. On May 1, 2018, Mr. Hitchcock billed .2 hours and noted that this should be billed at the paralegal rate, yet he continued to bill his regular attorney rate of $400. Finally, on September 25, 2020, Mr. Hitchcock billed .2 hours and noted that this should be billed at a paralegal rate, yet he continued to bill his regular attorney rate of $443. The undersigned has calculated what should have been charged for this paralegal-type work and finds a reduction of **$1,425.80** to be appropriate

Additionally, the billing entry on November 26, 2021, indicates that Ms. Sharp spent four hours reviewing a fee petition and documents filed. However, the text of that billing entry states that two hours were spent reviewing the fee petition and the documents filed. I will thus award two hours for this task. *See Sclafani v. Sec'y of Health & Human Servs.*, No. 16-737V, 2017 U.S. Claims LEXIS 2259, 2017 WL 5381271 (Fed. Cl. Spec. Mstr. Oct. 11, 2017). This reduces the attorneys' fees awarded by **$976.00**.

### IV. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $14,296.58 in costs. Fees App. (ECF No. 101). The costs to petitioner's counsel amounts to $2,796.58 and $11,500.00 are costs incurred by petitioner herself. *Id.* at 1.

These costs include, *inter alia*, the costs associated with medical records, neurology journals, and the work performed by petitioner's medical experts, Dr. Axelrod, Dr. Kinsbourne, and Dr. Mayer. Pet. Ex. 49 at 1.

Most costs are described in sufficient detail and are accompanied by the relevant invoices supporting the amount of money requested. However, there is an issue with Invoice #1906. On the table documenting the total costs incurred by petitioner, Invoice #1906 to MEDX amounts to $426.18. *Id*. However, the attached Invoice #1906 amounts only to $190.59. *Id*. at 7. Considering the attached invoice, only $190.59 will be awarded for Invoice #1906, reducing costs to petitioner's attorney by **$235.59.**

### i. Dr. Axelrod

Petitioner requests a total of $3,600 in final costs for her expert Dr. Axelrod. His requested rate for all work performed, including chart review, research, and report preparation, is $400.00 per hour. I have previously approved the hourly rate of $450 to Dr. Axelrod for chart review, research, and report preparation. *See Gonzalez v. Sec'y of Health and Human Servs., No. 14-1072V, 205 U.S. Claims LEXIS 1833, 2015 WL 10435023, at *48 (Fed. Cl. Spec. Mstr. Nov. 10, 2015).* Therefore, I find it appropriate to award the requested hourly rate of $400. Accordingly, there is no reduction and Dr. Axelrod is awarded a total of $3,600.

### ii. Dr. Kinsbourne

Petitioner also requests a total of $2,000 in final costs for her expert Dr. Kinsbourne. His requested rate for the work performed, including reviewing medical records and consulting with petitioner's attorney, is $500 per hour. I have previously approved the hourly rate of $500 to Dr. Kinsbourne, *see Johnson v. Sec'y of Health and Human Servs*., No. 16-1630V, 2022 U.S. Claims LEXIS 324, (Fed. Cl. Spec. Mstr. Feb. 8, 2022), and Dr. Kinsbourne provided information which was helpful for this case's resolution. Accordingly, there is no reduction and Dr. Kinsbourne is awarded a total of $2,000.

### iii. Dr. Mayer

Petitioner requests $4,750.00 in final costs for her expert Dr. Mayer. Pet. Ex. 49 at 1. Dr. Mayer prepared a supplemental rebuttal report, for which he billed at $500 per hour for three hours. *Id*. at 14. Dr. Mayer also did additional work and revisions on his expert report, for which he billed at $500 per hour for 1.5 hours. *Id*. at 16. Finally, Dr. Mayer prepared an "IME & Report," for which he billed the flat fee of $2,500.

This is the first time Dr. Mayer has served as an expert in the Vaccine Program. Reasonable expert fees are determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours. *Caves v. Sec'y of Health & Human Servs*., 111 Fed. Cl. 774, 779 (2013). To determine an expert's reasonable hourly rate, the special master typically considers factors similar to those considered for an attorney, including the "area of expertise; the education and training required to provide necessary insight; the prevailing rates for other comparably respected available experts; the nature, quality, and complexity of the information needed; [and] the cost of living in the expert's geographic area." *Sabella*, 86 Fed. Cl

6

at 206 (internal citations omitted). "Petitioner has the burden of providing the foregoing information concerning expert fees." *Id*.

Even in consideration of these factors, special masters have declined to award more than $500 an hour to expert witnesses in the Vaccine Program. Former Chief Special Master Dorsey confirmed that this is the current maximum rate and it is awarded "rare[ly]." *Rosof v. Sec'y of Health & Human Servs.,* No. 14-766v, 2017 U.S. Claims LEXIS 448, 2017 WL 1649802 (Fed. Cl. Spec. Mstr. March 31, 2017).

Dr. Mayer is a physician licensed to practice medicine and surgery in New York, and he has been so licensed since 1974. Pet. Ex. 34 at 1. He is a graduate of Cornell Medical School. *Id.* He is double board certified by the National Board of Physicians and Surgeons and by the American Board of Surgery. Id. He has the academic appointment of Clinical Associate Professor at New York Medical College, and his professional experience includes being Director of Surgery at a major New York area teaching hospital. Id. at 1-2. Dr. Mayer claims that he is knowledgeable about the medical literature regarding the strong causal relationship between vaccinations and GBS as well as the potential association between surgery and GBS which has been hypothesized for autoimmune and cancer patients. Id. at 2. As a result of Petitioner's severe back pain after receiving the influenza vaccine, Petitioner was subject to a tracheotomy. Pet. Ex. 3 at 186. Therefore, the facts of this case warrant a surgical expert. Considering this information, I find it appropriate to award the requested hourly rate of $500. Accordingly, Dr. Mayer is awarded the requested total of $4,750.00.

V.   Conclusion

In accordance with the foregoing, petitioners' application for final attorneys' fees and costs is **GRANTED**. I find they are entitled to the following reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested: | $55,617.20 |
| **Reduction of Attorneys' Fees:** | **($5,559.10)** |
| **Attorneys' Fees Awarded:** | **$50,058.10** |
| | |
| Attorneys' Costs Requested: | $2,796.58 |
| Reduction of Attorney's Costs: | -$235.59 |
| **Attorneys' Costs Awarded:** | **$2,560.99** |
| | |
| Petitioner's Costs Requested: | $11,500.00 |
| Reduction of Petitioner's Costs: | 0 |
| **Petitioner's Costs Awarded:** | **$11,500.00** |
| | |
| **Total Attorneys' Fees and Costs Awarded:** | **$52,619.09** |
| | |
| **Total Petitioner's Costs Awarded:** | **$11,500.00** |

Accordingly, I award the following:

7

1) **A lump sum in the amount of $52,619.09, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Whitfield Sharp & Hitchcock, LLC and $11,500.00 in the form of a check payable to petitioner for costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).